UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROY WILLIAMS,                                                        **COMPLAINT**

                                                                                    **15 cv 8008**
                                                                                    **ECF Case**

                Plaintiff,
   vs.

The CITY OF NEW YORK,
NEW YORK CITY DETECTIVES
TARAH BARRETT, Shield 2277,
EMERITO DEJESUS, Shield 7309,
SEAN DRAIN, Shield 6915, and
SERGEANT JUAN ORTIZ, Shield 5606,
in their individual and official capacities,
                                                          **JURY TRIAL DEMANDED**
                Defendants.
------------------------------------------------------------x

Plaintiff Roy Williams, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the false arrest, strip search, and malicious prosecution of Roy Williams ("Plaintiff") at the hands of NYPD Narcotics Detectives, who baselessly suspected Plaintiff of being involved in a marijuana sale. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest and imprisonment, illegal strip search, malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

1

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Roy Williams is a United States citizen and at all relevant times a resident of the City of New York, State of New York.

7. The individually named defendants Detective Tarah Barrett (Shield # 2277) ("Det. Barrett"), Detective Emerito Dejesus (Shield # 7309) ("Det. Dejesus"), Detective Sean Drain (Shield # 6915) ("Det. Drain"), and Sergeant Juan Ortiz (Shield # 5606) ("Sgt. Ortiz") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Narcotics Borough Manhattan South.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

11. On June 12, 2014, around 6:20 PM, Roy Williams ("Plaintiff") was socializing with some acquaintances – including Raphael Ortiz ("Mr. Ortiz"), Frank Ramirez ("Mr. Ramirez"), and David Paulino ("Mr. Paulino") – outside a deli called London Grocery, at 252 10th Avenue, in Manhattan.

12. Plaintiff lived nearby at 466 26th Street with his children and their mother, Carmen Sanchez ("Ms. Sanchez"), living there since March 2014 when he had surgery on his Achilles tendon.

13. Around 6:30 PM, Plaintiff sat next to London Grocery and spoke to Ms. Sanchez on his cell phone.

14. Plaintiff and his acquaintances were being watched by a group of Narcotics detectives – the individual defendants – who baselessly suspected that these men were involved in criminal activity.

15. Specifically, because Plaintiff was speaking on his cell phone, the individual defendants believed he was engaged in a drug transaction.

3

16. As Plaintiff was speaking to Ms. Sanchez on his cell phone, the individual defendants suddenly swarmed the sidewalk in front of London Grocery and approached Plaintiff and the other men.

17. Plaintiff was ordered by two of the male individual defendants to "stand up" – which he did – and he was immediately handcuffed and taken inside London Grocery where Mr. Ortiz, Mr. Ramirez, and Mr. Paulino were being searched.

18. The individual defendants found two small bags of marijuana inside Mr. Ortiz's pocket, whereupon Mr. Ortiz told the individual defendants the marijuana was for his "personal use."

19. Plaintiff was patted down and the contents of his pockets emptied; nothing unlawful was found on him. His wallet and cell phone were taken from him.

20. Mr. Paulino was released from London Grocery, but Plaintiff, Mr. Ortiz, and Mr. Ramirez were all arrested.

21. Plaintiff was handcuffed behind his back and transported to a NYPD van, where he spent about three hours, before being driven to the NYPD 6th Precinct ("the Precinct").

22. Inside the Precinct, Plaintiff was processed, fingerprinted, photographed, and locked in a holding cell.

23. Inside the Precinct, Det. Dejesus and Det. Drain subjected Plaintiff to a degrading strip search.

24. Acting according to Det. Dejesus' and Det. Drain's orders, Plaintiff took off all his clothes, stood completely naked, and spread the cheeks of his butt to prove that no contraband was hidden there.

25.     At the scene of the arrest and in the Precinct, the individual defendants collectively concocted false and bogus marijuana-sale charges against Plaintiff to justify their unlawful arrest.  They worked together to draft false allegations and submit them to the New York County District Attorney.

26.     Plaintiff remained in the Precinct holding cells until around 2:00 AM on June 13, 2014.

27.     Plaintiff was then transported to Central Booking in lower Manhattan, 100 Centre Street, where he was further processed and caged in a series of cells.

28.     In the late evening of June 13, 2014, Plaintiff was arraigned in New York County Criminal Court ("Court") on Docket Number 2014NY045710, charged with one count of Criminal Sale of Marijuana in the fourth degree, in violation of New York Penal Law Section 221.40.

29.     The Criminal Court Complaint (the "Complaint") consisted of Det. Barrett's false allegations purporting to establish that Plaintiff, acting with Mr. Ramirez (his codefendant), "sold marijuana" on "June 12, 2014 at about 6:48 PM, in front of 252 10 Avenue in the County and State of New York."

30.     Specifically in the Complaint, Det. Barrett falsely states:  "I observed separately charged defendant Raphael Ortiz, #M14652719, engage in conversation with the defendants at the above-described location.  I observed defendant Ortiz hand defendant Williams money.  I then observed defendant Williams hand that money to defendant Ramirez.  I then observed defendant Ramirez hand a small object to defendant Ortiz.  I then observed defendant Ortiz walk quickly away from the location.  I took two

clear bags containing marijuana from separately charged defendant Ortiz's sweatpants pocket."

31.     The Judge at his arraignment released Plaintiff on his own recognizance, ending over 24-hours of unjust incarceration.  The prosecution would continue, however, as Plaintiff was ordered to return to Court, Part B, on June 27, 2014.

32.     Plaintiff attended Court on five dates – June 27, September 16, and November 12, 2014; and January 6, and February 17, 2015 – before his case was finally dismissed, under New York Criminal Procedure Law ("CPL") Section 30.30.

33.     Mr. Ramirez' case was also dismissed pursuant to CPL Section 30.30, while Mr. Ortiz pled guilty to unlawful possession of marijuana.  These outcomes are consistent with the truth that only Mr. Ortiz possessed marijuana while Mr. Ramirez and Plaintiff did nothing unlawful.

34.     The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

35.      There is a systemic failure to identify, discipline, and supervise NYPD officers and detectives who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

36.     The NYPD's flaccid response to lying officers and detectives – particularly in the context of filing false charges – constitutes an irrational custom and policy that fosters a culture of mendacity in the NYPD.

37. Proportionate and appropriate discipline sends a message to NYPD employees that they are not above the law and are accountable to the people whom they serve. But when it comes to making false statements on court documents, NYPD officers and detectives virtually never face serious discipline.

38. The Civilian Complaint Review Board ("CCRB") has no jurisdiction to investigate allegations of fabricated statements by NYPD officers in criminal court documents. Investigating, controlling, and punishing this type of wrongdoing is the responsibility of the NYPD.

39. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

40. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Severe emotional trauma, distress, degradation, and suffering;

## SECTION 1983 CLAIMS

## FIRST CLAIM

**Deprivation of Federal Civil Rights Under Section 1983**

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

42.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

43.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

45.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

46.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47.     By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

48.     As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

49.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Illegal Strip Search Under Section 1983

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free of unlawful searches of his person.

52. The strip search of Plaintiff – an extreme invasion of privacy and bodily dignity – took place without probable cause to arrest Plaintiff, and without probable cause to believe that a weapon or contraband was secreted in his anus.

53. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Malicious Prosecution Under Section 1983

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

56. Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt, providing a mendacious complaint to the New York County District Attorney.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

**Failure to Intervene Under Section 1983**

58.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

60.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

61.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SIXTH CLAIM**

**Municipal Liability Under Section 1983**

62.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63.     By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest, excessive force, and illegal abuse through its failure to train, supervise, and discipline mendacious and malicious officers; and through its fostering a culture of abuse and dishonesty among those who wield considerable power over the lives of everyday citizens.

64.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Roy Williams in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.    Such other and further relief as this Court may deem appropriate.

DATED:    October 9, 2015               _____s/_____
                New York, New York        CYRUS JOUBIN, ESQ.
                                                          88 Pine Street, 14th Floor
                                                          New York, NY 10005
                                                          (703) 851-2467
                                                          joubinlaw@gmail.com
                                                          Attorney for Roy Williams